FILED
U.S. DISTRICT COURT

2006 JUN 19  A 11: 02

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS WAYNE GOODSELL,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF UTAH,<br><br>Defendant. | ORDER OF DISMISSAL<br><br>Case No: 2:06-CV-371 DB<br><br>District Judge Dee Benson |

Travis Wayne Goodsell has filed a complaint against the State of Utah alleging "[n]umerous counts of United States Constitutional violations"[1] including (1) Treason, (2) Failure to prosecute the accused, (3) Illegal Search and Seizure, (4) Unreasonable Search and Seizure, (5) Cruel and Unusual Punishment, (6) Slavery and Involuntary Servitude, (7) Failure of Job Performance, and (8) Failure to provide and adhere to Due Process.[2]

Goodsell is proceeding without prepayment of fees under 28 U.S.C. § 1915. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[3] Under Federal Rule of Civil Procedure 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4] In reviewing the complaint, the court accepts all well-pleaded facts

---

[1] Complaint at 1, docket no. 2, filed May 8, 2006.

[2] Id. at 2-5.

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] Conley v. Gibson, 355 U.S. 41, 45-46 (1957), Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004).

as true, construes the complaint liberally, and draws all reasonable inferences in favor of the plaintiff.[5]

After a thorough review of Goodsell's complaint, it appears that he is attempting to revive a lawsuit previously decided against him.[6] The complaint filed in the current case is almost identical to the complaint Goodsell filed in the previous case against the Office of Recovery Services (ORS). In dismissing the case against ORS, the court explained to Goodsell that his suit was barred by the state's Eleventh Amendment immunity.[7] Immunity under the Eleventh Amendment also applies in this case.

## Eleventh Amendment Immunity

Unless the state has consented, the Eleventh Amendment bars suits seeking monetary, equitable, and injunctive relief against a state or its agencies or departments.[8] Comparable to qualified immunity, Eleventh Amendment immunity provides not only a defense to liability, but functions as *immunity to suit*, including the burdens of discovery and trial.[9] In this case, the state has not consented to suit or waived its Eleventh Amendment immunity. Consequently, all of the claims against the State of Utah must be dismissed because they are barred by the Eleventh Amendment.

---

[5] *Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd on other grounds*, 125 S. Ct. 2796 (2005); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[6] *See Goodsell v. Office of Recovery Services,* No. 2:05-CV-566 DAK.

[7] *See id.*, Order at 2, docket no. 42.

[8] *See Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144-45 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

[9] *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982); *Olsen v. Finney*, 885 F.Supp. 1480, 1485 (D. Kan.1995).

### "Persons" for Purposes of Sections 1983

As Goodsell was previously told, his "suit is also prohibited because [the State of Utah] is not a 'person' for purposed of 42 U.S.C. § 1983."[10] It is well settled that entities entitled to Eleventh Amendment immunity are not considered "persons" under the civil rights statutes[11] and cannot be sued under those provisions.[12] Accordingly, the State of Utah is not an appropriate party in a lawsuit brought under 42 U.S.C. § 1983, and the claims against it are not viable.

### ORDER

IT IS HEREBY ORDERED that Goodsell's complaint is dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

---

[10] *Goodsell v. Office of Recovery Services,* No. 2:05-CV-566 DAK, Order at 2, docket no. 42.

[11] *See* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (Emphasis added.)); 42 U.S.C. § 1985 (3) ("If two or more *persons* in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . ." (Emphasis added.)).

[12] *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."); *Harris v. Champion,* 51 F.3d 901, 905-06 (10th Cir. 1995) ("Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983.").

DATED this 12th day of June, 2006.

BY THE COURT:

_____
Dee Benson
U.S. District Judge